IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CATHERINE JOHNSON, | § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:15-cv-2707-B |
| CITIMORTGAGE, INC., ET AL., | § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Catherine Johnson, proceeding *pro se*, has filed an Application to Proceed Without Prepaying Fees or Costs [Dkt. No. 26], which United States District Judge Jane J. Boyle has referred to the undersigned United States magistrate judge for hearing, if necessary, and recommendation or determination pursuant to 28 U.S.C. § 636(b). *See* Dkt. No. 28. Johnson's application logically relates to her notice of appeal [Dkt. No. 25] filed the same day as the application. Accordingly, it is interpreted as a motion for leave to proceed *in forma pauperis* ("IFP") on appeal. The undersigned issues these findings of fact, conclusions of law, and recommendation that the Court should deny the motion and certify that Johnson's appeal is not taken in good faith.

**Applicable Background**

Johnson appears to be appealing the May 5, 2016 order dismissing her case under Federal Rule of Civil Procedure 41(b), which provides for dismissal for failure to prosecute or comply with applicable rules and orders of the Court, because, after she

was given "three chances to file an amended complaint," Johnson did not avail "herself of any of these opportunities." Dkt. No. 20.

Johnson's motion for leave to proceed IFP on appeal provides the Court with financial information, but, because she failed to state "the issues that [she] intends to present on appeal," FED. R. APP. P. 24(a)(1)(C), the undersigned, on June 2, 2016, directed the Clerk of Court to forward to Johnson Appellate Form 4 ("Affidavit Accompanying Motion for Permission to Appeal *In Forma Pauperis*"), and ordered Johnson to complete and sign the affidavit and return it to the Clerk no later than June 23, 2016, *see* Dkt. No. 29. Johnson also was cautioned that, if she failed to comply, "the undersigned will recommend that her IFP motion be denied." *Id.* at 3.

Johnson filed a document entitled Con't Information On Appeal of Wrongful Eviction, Fraud, and Fraudulence of Property 4451 Posada Drive on June 3, 2016. *See* Dkt. No. 30. But she has failed to comply with the Court's June 2, 2016 Order, and, most importantly, nothing she has filed has apprised the Court of a basis for a non-frivolous appeal of the May 5, 2016 order.

### Legal Standards and Analysis

As to determination of a motion for leave to proceed IFP on appeal, 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) govern. *See, e.g.*, *Taylor v. Dretke*, No. 4:02-cv-1017-Y, 2003 WL 22121296, at *1 (N.D. Tex. Sept. 12, 2003).

Section 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *Id.* And Rule 24(a) in pertinent part provides:

> (1) Motion in the District Court. Except as stated in Rule 24(a)(3) [concerning, unlike here, a party previously permitted to proceed *in forma pauperis*], a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> > (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> >
> > (B) claims an entitlement to redress; and
> >
> > (C) states the issues that the party intends to present on appeal.
>
> (2) Action on the Motion. If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.

FED. R. APP. P. 24(a).

An appeal is taken in good faith under Section 1915(a)(3) if a litigant seeks appellate review of any issue that is not frivolous. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Therefore, in addition to demonstrating that her financial condition qualifies her to proceed under the IFP statute, "[a] movant who seeks authorization to proceed IFP on appeal [also] must demonstrate that ... [her] appeal involves nonfrivolous issues." *Amir-Sharif v. Dallas Cnty. Tex.*, 269 F. App'x 525, 526 (5th Cir. 2008) (per curiam) (citing *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982)). "[A]n appellant's good faith subjective motivation for appealing is not relevant, but rather whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal." *Kirklewski v. Hamilton*, No. 3:07cv193, 2008 WL 906011, at *1 (S.D. Ohio Mar. 31, 2008); *see Coppedge*, 369 U.S. at 445; *see also McGarrah v. Alford*, 783 F.3d 584, 584 (5th Cir.

2015) (per curiam) ("By failing to provide argument that addresses the basis of the district court's dismissal, McGarrah has failed to adequately present any argument for this court's consideration. He has thus failed to establish that he will raise a nonfrivolous issue for appeal."); *accord Clark v. Oklahoma*, 468 F.3d 711, 713, 715 (10th Cir. 2006).

Here, the Court's dismissal of Johnson's action was based on (1) her multiple failures to comply with Court orders directed at the prosecution of her case and (2) the related conclusion that "further extensions of time would be unfair to Defendants and, in all likelihood, fruitless." Dkt. No. 20 at 2. Johnson, however, has "fail[ed] to provide argument that addresses [that ruling]." *McGarrah*, 783 F.3d at 584. She therefore "has failed to adequately present any argument for [appellate] consideration" and "has thus failed to establish that [she] will raise a nonfrivolous issue for appeal." *Id*.

### Recommendation

The Court should deny the motion for leave to appeal IFP [Dkt. No. 26] and certify, pursuant to Section 1915(a)(3), that Johnson's appeal is not taken in good faith.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 28, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE